UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| TERRY and SUSAN BROWN | ) | |
| Plaintiffs, | ) | 3:12-cv-0121-LRH-VPC |
| v. | ) | |
| SMCE MORTGAGE BANKERS, INC.; et al., | ) | ORDER |
| Defendants. | ) | |

Before the court is defendants Mortgage Electronic Registration Systems, Inc. (MERS); Bank of New York-Mellon (BNY-Mellon); and ReconTrust Company, N.A.'s (ReconTrust) motion to dismiss. Doc. #11. Plaintiffs Terry and Susan Brown ("the Browns") did not file an opposition.

In April 2005, the Browns refinanced real property through a mortgage note and deed of trust originated by defendant SMCE Mortgage Bankers, Inc.  Eventually, the Browns defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings. Subsequently, the Browns filed a complaint against defendants. Doc. #1, Exhibit 1. Thereafter, defendants filed the present motion to dismiss, which the Browns did not oppose.

While the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion under LR 7-2(d), the Browns' failure to file an opposition, in and of itself, is an insufficient ground for dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Before dismissing a case, a district court is required to weigh several factors: (1) the

public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less dramatic sanctions. *Id*.

Here, these factors weigh in favor of dismissal. The need for the expeditious resolution of cases on the court's docket is strong. Defendants have an interest in resolving this matter in a timely manner. Further, there is a lack of prejudice to the Browns because they have shown an unwillingness to continue litigating this complaint which weighs in favor of granting the motion. Additionally, although public policy favors a resolution on the merits, the court finds that dismissal is warranted in light of these other considerations. Therefore, the court shall grant defendants' motion to dismiss and dismiss the Browns' complaint in its entirety.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #11) is GRANTED. Plaintiffs' complaint (Doc. #1, Exhibit 1) is DISMISSED in its entirety.

IT IS SO ORDERED.

DATED this 16th day of October, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE